UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

BARBARA WASHINGTON : DOCKET NO. 6:12 CV 0746

VS. : JUDGE DOHERTY

LIBERTY MUTUAL FIRE : MAGISTRATE JUDGE HILL
INSURANCE COMPANY

MEMORANDUM RULING

Pending before the undersigned is the plaintiff's Motion to Remand this suit to the 27th Judicial District Court. [rec. doc.9]. Defendant, Liberty Mutual Fire Insurance Company ("Liberty"), has filed Opposition, to which the plaintiff has filed a Reply. [rec. docs. 11 and 15]. Oral argument on the Motion was held. The parties have filed post-hearing memoranda. [rec. docs. 20 and 23]. For the following reasons, the Motion to Remand is **DENIED,** and accordingly, this lawsuit shall remain pending in this Court.

BACKGROUND

Plaintiff, Barbara Washington ("Washington"), filed this lawsuit on February 8, 2012 in the 27th Judicial District Court for St. Landry Parish, Louisiana against Liberty, her uninsured/underinsured motorist ("UM") insurer. It is undisputed that the Liberty policy provided UM coverage in the amount of $50,000.00. Prior to the date the suit was filed, on February 2, 2012, Liberty tendered $11,704.00 to Washington, leaving $38,296.00 remaining coverage.

Washington's Petition alleges entitlement to the UM benefits afforded under the Liberty policy. [rec. doc. 1-2, pg. 2-3, ¶7]. Washington further alleges that she is entitled to recover statutory penalties and attorney's fees under La. R.S. 22:1973 and 1982 because Liberty failed to make a timely good faith tender within thirty days after receiving satisfactory proof of loss.[1] [rec. doc. 1-2, pg. 3, ¶¶ 8 and 10].[2] Moreover, Washington alleges entitlement to recover "damages as may be reasonable in the premises, in accordance with the law and evidence." [rec. doc. 1-2, pg. 3, ¶11]. Accordingly, Washington prays "for all compensatory damages supported by the law and evidence and for statutory penalties and attorney's fees. . . . " [rec. doc. 1-2, pg. 3, prayer for relief].

On March 23, 2012, Liberty removed this action to this federal court alleging that the matter in controversy exceeds $75,000 and that this court therefore has diversity jurisdiction under 28 U.S.C. §1332. [rec. doc. 1].

On April 24, 2012, Washington filed the instant Motion to Remand alleging that Liberty has filed a defective Notice of Removal because Liberty failed to demonstrate that the amount in controversy exceeds the requisite jurisdictional amount of $75,000.00. Accordingly, Washington seeks all costs and attorneys fees incurred as a result of the

---

[1] Washington also alleged entitlement to recovery of medical payment benefits. However, plaintiff concedes that her policy does not afford medical payment benefits. [*See* rec. doc. 9-1, fn. 1].

[2] These statutes were formally codified as La. R.S. 22:1220 and 22:658, respectively. No change was made in the substance of either statute.

improper removal of this action.

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001); *Fontenot v. Granite State Insurance Co.*, 2008 WL 4822283, *3 (W.D. La. 2008). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery*, 243 F.3d at 916; *Fontenot*, 2008 WL 4822283 at *3. Thus, as the party invoking the court's jurisdiction, Liberty, the removing defendant, bears the burden of establishing federal subject matter jurisdiction. *Fontenot*, 2008 WL 4822283 at *3. *See also Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

When a case is removed on the basis of diversity jurisdiction, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. WalMart Stores*, 193 F.3d 848, 850 (5th Cir. 1999) *citing Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Fontenot*, 2008 WL 4822283 at *3.

Facts supporting jurisdiction are judged as they exist at the time of removal. *Simon*, 193 F.3d at 851 and fn. 10; *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Fontenot*, 2008 WL 4822283 at *3; *see also Manguno*, 276 F.3d at 723;

*Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Removal cannot be based simply upon conclusory allegations. *Allen*, 63 F.3d at 1335; *Fontenot*, 2008 WL 4822283 at *3. A showing only that damages "could well exceed" the jurisdictional amount or that there is a "possibility" that the plaintiff could recover more than the jurisdictional amount is insufficient to carry the removing defendant's burden. *Allen*, 63 F.3d at 1336; *Fontenot*, 2008 WL 4822283 at *3. Rather, the removing defendant must establish that it is more likely than not that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1336; *Fontenot*, 2008 WL 4822283 at *3.

In actions seeking sums due under an insurance policy, when determining if the jurisdictional amount exists, courts consider not only the amounts allegedly due under the policy, but also any potential attorney's fees and penalties for which the insurer may be liable. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In this case, Washington seeks to recover statutory penalties under both La.R.S. 22:1892 and La.R.S. 22:1973. However, a plaintiff may be awarded penalties under only one of the two statutes for the same conduct, whichever is higher. *Calogero v. Safeway Ins. Co. of La.*, 753 So.2d 170, 174 (La. 2000); *Kodrin v. State Farm Fire and Cas. Co.*, 314 Fed.Appx. 671, 679 n. 29 (5th Cir. 2009). When a breach of 22:1892 has occurred, an award of attorney's fees is mandatory. *Calogero*, 753 So.2d at 174. Washington may also be awarded attorney's fees under R.S. 22:1892, if she is awarded penalties under R.S. 22:1973; however, such an award is discretionary. *Id.*

La.R.S. 22:1892(B)(1) mandates that insurers pay penalties equal to 50 percent of the insured's damage amount (the contractual amount found due), or $1,000, whichever is greater, plus costs and reasonable attorney's fees where the insurer arbitrarily fails to pay funds within 30 days of receiving plaintiff's proof of loss. La.R.S. 22:1892(B)(1); *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170 (La. 2011).

La.R.S. 22:1973 imposes a duty of good faith and fair dealing on insurers, and mandates that insurers who arbitrarily fail to pay claims due within 60 days must pay "any general or special damages to which a claimant is entitled for breach of the imposed duty"; additionally, penalties of up to "two times the damages sustained, or [$5,000], whichever is greater" may be awarded. La.R.S. 22:1973(A), (B)(5), (C); *Durio*, 74 So.3d at 1170-1171. The penalty allowed under La.R.S. 22:1973 is based not on the contractual amount owed but, rather, on the damages sustained by the insured as a result of the insurer's breach of its duty of good faith and fair dealing. *Durio*, 74 So.3d at 1170-1171.

Both parties have proposed calculations reaching, and falling below, this Court's jurisdictional minimum. With the modifications set forth below, the method of calculating the amount in controversy proposed by Liberty in its post-hearing memorandum [rec. doc. 20] is ultimately persuasive.[3] Accordingly, the Court finds that

---

[3] Washington's submissions addressed an award of penalties under La.R.S. 22:1973, but did not appear to address an award of penalties under La.R.S. 22:1892.
Liberty's memorandum in opposition did not address each penalty statute separately and additionally did not specifically address the Louisiana Supreme Court's holding in *Durio*. Accordingly, during oral argument of the Motion, the Court indicated that it was inclined to grant remand. Considering Liberty's post-hearing memorandum and upon further review of the applicable law, the Court has determined that remand is not proper.

jurisdictional amount is met in this case.

To reach the $75,000.00 jurisdictional minimum, Liberty asserts that penalties under La.R.S. 22:1892 are 50% of Liberty's $50,000 policy limits. However, under *Durio*, this penalty is calculated from the contractual amount this Court finds due. Because at the time of removal (and at the time of filing) only $38,296.00 remained on the policy limits, this is the highest amount that this Court could contractually find due. Thus, the highest penalty allowed under La.R.S. 22:1892 is 50% of $38,296.00, that is, $19,148.00. Accordingly, Washington would be entitled to maximum damages under her policy and La.R.S 22:1892 of not more than $57,444.00.

Then, the Court factors in penalty allowed under La.R.S. 22:1973, which is based not on the contractual amount owed, but, rather, on the damages sustained by the insured as a result of the insurer's breach of its duty of good faith and fair dealing. *See Durio*, 74 So.3d at 1170-1171. Liberty has failed to suggest any facts in controversy that allow this Court to quantify the damages Washington may recover that are attributable to Liberty's alleged breach of its duty of good faith and fair dealing. Accordingly, the highest value that the Court can attribute to this claim is $5,000. *See Gelvin v. State Farm Mutual Automobile Insurance Company*, 2012 WL 1354855, *3 (E.D. La. 2012) *citing Vizzini v. Amy Falcon Ins. Agency, Inc.*, 2008 WL 686890 (E.D. La. 2008) (citations omitted).

Based upon the above, Washington may recover a total of $62,444.00, excluding any award of attorney's fees. Washington argues that attorney fees may not be included in the calculation because Liberty's proposed amount of attorney's fees (33% of the total

recovery, the standard 1/3 contingency fee contractual arrangement) is conclusory and based on the mere possibility of recovery and speculation. However, because attorney's fees are mandatory where a breach of La.R.S 22:1892 has occurred, some amount of attorney's fees must also be included in the calculation.

Under similar circumstances, in finding that the jurisdictional amount was met where the plaintiff's damages and penalties totaled approximately $60,000, Magistrate Judge Wilson of this Court held as follows:

> Some of the considerations for an award of attorney's fees under § 22:658 include: "the services needed to effect recovery, the degree of professional skill and ability exercised, the volume of work performed, the time devoted to the case, the result obtained, the amount in controversy, the novelty and difficulty of the questions involved, and the percentage fixed for attorney's fees in the plaintiff's contract." *Khaled v. Windham*, 657 So.2d 672, 680 (La. App. 1st Cir. 1995) (citation omitted). One court awarded as much as $25,000 in fees on a $19,000 homeowner's insurance claim." *Dixon v. First Premium Ins. Group*, 934 So.2d 134 (La. App. 1st Cir. 2006). Another court upheld an attorney's fees premised on a 1/3 contingency fee agreement. *Francis v. Travelers Ins. Co.*, 581 So.2d 1036 (La. App. 1st Cir. 1991). Either way, it is manifest that the potential attorney's fees award in this matter suffices to push the amount in controversy over $75,000.

*Doyle v. Allstate Insurance Co.*, 2006 WL 3916579 (W.D. La. 2006).

In this case, in order to reach the $75,000.00 jurisdictional amount, an award of only $12,556.00 is required. Under the reasoning and cases cited by Judge Wilson, it is manifest that an award of at least $12, 556.00 is neither a mere possibility, nor speculative.[4] Accordingly, Liberty has established that it is facially apparent that

---

[4] An award based on a 33% contingency fee contract would be $20,606.52. More recently, Judge Feldman measured a potential award of attorney's fees under La.R.S. 22:1892 based on a 40% contingency fee on the full amount of the potential award of damages and penalties. *Gelvin*, 2012 WL

7

Washington's claims are above the $75,000 jurisdictional threshold because it is more likely than not that the jurisdictional amount is satisfied.

Once it is apparent that there is a sufficient amount in controversy for jurisdiction, the plaintiff can only defeat removal by establishing that it is legally certain that her claims are for less than $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-1412 (5th Cir. 1995), *cert. den*. 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). Washington has made no such showing.[5]

For the forgoing reasons, jurisdiction in this Court is proper under 28 U.S.C. § 1332. The plaintiff's Motion to Remand is therefore **DENIED.** The plaintiff's request for costs, expenses and attorney's fees for improper removal is **DENIED.**

Signed this 29th day of July, 2010, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

1354855 at *3.

[5] Additionally, the Court notes that the record contains no binding stipulation or renunciation stating that Washington's claim does not exceed $75,000.00, nor does Washington's petition set forth any opinion as to propriety or impropriety of federal jurisdiction as permitted by Louisiana Civil Code article 893.